JOHNSON, Appellee,

v.

JOHNSON, Appellant.

[Cite as *Johnson v. Johnson* (1993), 85 Ohio App.3d 161.]

Court of Appeals of Ohio,
Montgomery County.

No. 12696.

Decided Jan. 21, 1993.

*Fred M. Izenson*, for appellee.

*Elaine M. Stoermer*, for appellant.

GRADY, Presiding Judge.

Robert G. Johnson appeals from a judgment of the trial court finding him in contempt for failing to obey the court's orders concerning distribution of marital property and offering a method by which Johnson may purge himself of that contempt.

The marriage of Robert G. Johnson and Corrine A. Johnson was terminated by dissolution in 1983. A separation agreement was incorporated into the decree. The agreement and decree provided that upon Robert's retirement as a public school teacher "he shall pay to wife ½ (one-half) of the total proceeds due him" from his teachers retirement pension.

The date of Robert's retirement was extended beyond that anticipated, without objection by Corrine. When Robert later did retire, he refused to pay Corrine her share of his retirement income. Corrine brought contempt proceedings.

The trial court found Robert in contempt. He was sentenced to serve a term of incarceration. The court further ordered that Robert could purge himself of contempt by taking certain actions. Among those was the following:

"4. Providing this Court with the authority pursuant to the Ohio Revised Code, Section 3113.21 for a withholding order directed to the Ohio State Teachers Employment Retirement System, Attention: Pamela Kozich and/or Cynthia Ellis Hvizdos, counsel for the State Teachers Retirement System of Ohio, 275 E. Broad Street, Columbus, Ohio 43215–3771, said withholding amount in the sum of SIX HUNDRED SIXTY–THREE and 50/100 DOLLARS ($663.50) per month plus TWO HUNDRED FIFTY and 00/100 DOLLARS ($250.00) per month on said arrearage due."

Robert appeals from the court's order, arguing (1) that the trial court is barred from making such an order because it amounts to an attachment of or execution against his teacher's retirement income, which is barred by R.C. 3307.71, and (2) that R.C. 3113.21, authorizing income-withholding orders, is not available for division of marital property.

R.C. 3307.71 exempts the right of a person to a pension or retirement allowance from execution, garnishment, or attachment, or "any other process of law whatsoever," except as provided in R.C. 3113.21 and 3307.72.

R.C. 3307.72 provides for withholding orders to enforce restitution to an employer for a theft in office. It is not involved on these facts.

R.C. 3113.21(A) provides:

"In any action in which support is ordered under Chapter 3115. or under section 2151.23, 2151.36, 2151.49, 3105.18, 3105.21, 3109.05, 3111.13, 3113.04, 3113.07, or 3113.31 of the Revised Code, in which the support order is not subject to division (B), (C), or (D) of this section, and in which it appears to the court making the order that the obligor has failed to make payments in accordance with the order, the court, on its own motion or that of an interested party, after notice to the employer of the obligor and to the obligor, may order the employer to withhold from the personal earnings of the obligor, notwithstanding the limitations of sections 2329.66, 2329.70, 2716.02, and 2716.05 of the Revised Code, the amount ordered for support plus poundage and to continue the withholding each pay period until further order of the court."

A review of the statutory sections to which R.C. 3113.21(A) refers reveals no basis to order payment of monies for purposes of division of marital property through an income-withholding order. All concern payment of support to or for the benefit of a spouse, a former spouse, or a minor child. R.C. 3105.18 pertains to payments to former spouses, but expressly excludes "any payment made to a spouse or former spouse * * * that is made as a part of a division or distribution of property or a distributive award under section 3105.171 of the Revised Code," the section governing division of marital property.

We must conclude that an income-withholding order issued pursuant to R.C. 3113.21 is unavailable for the purpose for which the trial court used it here. However, the court is not prohibited from ordering the recipient of a retirement benefit to divide it to conform to ordered property division by himself directing the payor of the benefit to make payments according to a method ordered by the court. In that event payment through the child support enforcement agency may also be required. See *Granzow v. Montgomery Cty. Bur. of Support* (1990), 54 Ohio St.3d 35, 560 N.E.2d 1307.

We agree that the trial court is not authorized by R.C. 3113.21 to execute against or attach appellant's retirement income. Those forms of relief were not, however, granted by the court. Instead, appellant was given the option to execute a form of authorization for division and direct payment as a method by which to purge himself of contempt for failure to pay. The further issue is whether that is the functional equivalent of the acts prohibited by R.C. 3307.71.

"A property settlement provision contained in a separation agreement, which is subsequently incorporated into a divorce decree, or a decree of dissolution, is enforceable by contempt proceedings." *Harris v. Harris* (1979), 58 Ohio St.2d 303, 12 O.O.3d 291, 390 N.E.2d 789, paragraph one of the syllabus. Procedures governing contempt are now provided by statute. R.C. 2705.06 states:

"When the contempt consists of the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it."

It is clear that the court's order does not direct the prohibited act, the attachment of or execution against appellant's retirement fund directly, but is only an order allowing appellant to avoid incarceration by himself taking steps to divide the fund. The primary purpose of the order is to vindicate the authority of the court. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 15 O.O.3d 221, 400 N.E.2d 386. The fact that a condition attached to that order accomplishes an equivalent result does not convert the court's order to a form prohibited by R.C. 3307.71 or make the order a functional equivalent of it.

Appellant's assignment of error is sustained to the extent that the order of the trial court provides for an income-withholding order. The order of the trial court is reversed and the matter is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WILSON and WOLFF, JJ., concur.